**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAMON MCCULLOUGH, | ) | CASE NO. 3:18CV00288 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

Plaintiff, Damon McCullough, ("Plaintiff" or "McCullough"), challenges the final decision of Defendant, Nancy A. Berryhill,[1] Acting Commissioner of Social Security ("Commissioner"), denying his applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.* ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Pending before the Court is Defendant's Motion to Dismiss. (Doc. No. 10.) For the reasons that follow, it is recommended Defendant's Motion be GRANTED.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security.

1

## I. Procedural History

In November 2014, Plaintiff filed an application for POD and DIB. (Doc. No. 10-3 at 4.) He subsequently filed an application for SSI in December 2014. (*Id.*) In both applications, he alleged a disability onset date of July 30, 2009. (*Id.*) The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ") on June 18, 2015. (*Id.*)

On September 26, 2016, an ALJ held a hearing, during which Plaintiff, represented by counsel, and an impartial vocational expert ("VE") testified. (*Id.*) On January 26, 2017, the ALJ issued a written decision finding Plaintiff was not disabled. (*Id.* at 1.) On February 28, 2017, Plaintiff requested the Appeals Council review the ALJ's decision. (Doc. No. 10-4 at 1.) On November 27, 2017, the Appeals Council notified Plaintiff they had declined further review and the ALJ's decision became final. (Doc. No. 10-5 at 1.) Within this November 27, 2017 Notice, the Appeals Council provided Plaintiff with the following informing on commencing a civil action:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Doc. No. 10-5 at 2.)

2

On February 5, 2018, Plaintiff filed his Complaint to challenge the Commissioner's final decision. (Doc. No. 1.) On May 3, 2018, Defendant filed a Motion to Dismiss. (Doc. No. 10.) Plaintiff has not filed a response.[2]

## II.    Standard of Review

As an initial matter, the Commissioner seeks to dispose of the Plaintiff's Complaint under Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 10-1 at 3, 5.) In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Essentially, a motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). *See also Wright v. Astrue*, 2013 WL 4828658, at *1 (N.D. Ohio June 25, 2013.)

However, "[t]he federal rules require that if, in a 12(b)(6) motion to dismiss 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 ...'" *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir.2010); Fed.R.Civ.P. 12(d). Because the Commissioner's Motion to Dismiss relies upon matters outside the pleadings, including several exhibits and an affidavit, the Court will only consider the Commissioner's Motion under Fed. R. Civ. P. 56.[3] Courts within this

---

[2] Pursuant to Local Rule 7.1(d), Plaintiff's response was due June 4, 2018.

[3] The Commissioner specifically acknowledges this in her Motion, noting the submission of "a supporting affidavit and exhibits" compels her to move for summary judgment "because matters outside the pleadings are being presented for the Court's consideration." (Doc. No. 10-1 at 5.)

3

District have reached the same conclusion under analogous circumstances. *See Salter v. Colvin*, 2014 WL 1280269, at *2 (N.D. Ohio Mar. 27, 2014); *Winkelman v. Comm'r of Soc. Sec.*, 2012 WL 1684602, at *1 (N.D. Ohio Apr. 24, 2012); *Wright v. Astrue*, 2013 WL 4828658, at *1 (N.D. Ohio June 25, 2013); *Spires v. Comm'r of Soc. Sec.*, 2015 WL 7576011, at *1 (N.D. Ohio Nov. 2, 2015).

> Federal Rule of Civil Procedure 56, which governs summary judgment, provides:
>
> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

The moving party has the initial burden of demonstrating there is no genuine issue of material fact. The moving party may meet this burden by establishing the non-moving party lacks evidence to support an essential element of their case. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989.) When reviewing the evidence, the court must view all the evidence and inferences in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). If, based on all the available proof, the court finds no reasonable jury could find in favor of the non-moving party, then summary judgment must be entered. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). *See also Barrett v. Lucent Technologies,* 36 Fed. App'x 835, 840 (6th Cir. 2002)("Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law.").

### III.  Law and Analysis

Defendant argues summary judgment is appropriate as "Plaintiff's civil action is barred by the 60-day limitation specified in 42 U.S.C. § 405(g)." (Doc. No. 10-1 at 6.) Defendant asserts the deadline to file the Complaint was January 31, 2018, but Plaintiff did not commence this action until February 5, 2018. (*Id.*) Defendant maintains Plaintiff "provided no reason for filing his claim late, and made no attempt to request an extension from the Appeals Council." (*Id.*) Plaintiff has not responded to Defendant's Motion.

Section 205(g) of the Social Security Act sets forth the time limitation for seeking judicial review of an unfavorable agency decision. The relevant statute provides in part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'n of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The corresponding regulation further provides

> For the purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Therefore, a plaintiff must commence their civil action sixty-five days after the date of the Appeals Council's notice, unless they can make a "reasonable showing" of receipt of the notice at a later date. *See Urban v. Comm'r of Soc. Sec.,* 2012 WL 5996378, at *2 (N.D. Ohio Nov. 30, 2012); *Spires*, 2015 WL 7576011, at *1. *See also Wright*, 2013 WL 4828658, at *2 ("The 60 day deadline to file a complaint is therefore increased to 65 days. This

increase is a direct reflection of the time allowed for the claimant to receive the final decision of the Commissioner by mail.").

This sixty-five day limitation period serves the purpose of moving "cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481. The Sixth Circuit has stressed strict adherence to this 65-day time limit. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."). *See also Kellum v. Comm'r of Soc. Sec.*, 295 Fed. App'x 47 (6th Cir. Oct. 1, 2008)(affirming dismissal of complaint filed five days late).

The time period in which a plaintiff must file a complaint may be extended upon the showing of good cause to the Appeals Council. 20 CFR §404.982, 416.1482. A plaintiff may also be entitled to equitable tolling of the 65-day limitations period under appropriate circumstances. *Cook*, 480 F.3d at 437. When granting equitable tolling, a court will consider

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*.

Here, the ALJ's decision became final when the Appeals Council declined further review on November 27, 2017. (Doc. No. 10-5 at 1.) Accordingly, Plaintiff had 65 days from November 27, 2017, or until January 31, 2018, to file his Complaint. However, Plaintiff did not file his complaint until February 5, 2018, five days after the deadline. (Doc. No. 1.)

Thus, the Court finds Plaintiff's Complaint is untimely. There is no dispute as to the date of Plaintiff's sixty-five day deadline or as to when he filed his Complaint. Plaintiff did not seek an extension of this deadline from the Appeals Council. (Doc. No. 10-2 at 3, 4.) Plaintiff also has not made a "reasonable showing" he received the Appeals Council notice at a later date than the regulatory presumption. *See* 20 C.F.R. § 422.210(c).

Likewise, Plaintiff has not provided any argument why he should be entitled to equitable tolling of the sixty-five day limitations period. There are no facts before the Court indicating Plaintiff was unaware of the filing requirement. To the contrary, the Appeals Council's November 27, 2017 Notice specifically apprised Plaintiff of the filing deadlines. (Doc. No. 10-5 at 2.) Moreover, Plaintiff has not been diligent in pursuing his rights, as he failed to file any response to the Commissioner's Motion or a request an extension of his filing deadline. *See* Doc. No. 10-2 at 3. While five days is not an exorbitant delay, we must be "mindful of the fact that there are millions of applicants for Social Security." *Cook*, 480 F.3d at 437. This is the risk Plaintiff ran "by waiting until the very end of a filing period to initiate [his lawsuit.]" *Id.*

In sum, Plaintiff failed to timely file the underlying civil action and has provided no basis for an extension of the statutory deadline. Thus, there are no genuine issues of material fact and summary judgment is appropriate.

### IV. Conclusion

For the foregoing reasons, it is recommended that Defendant's Motion (Doc. No. 10) be GRANTED.

                                             *s/Jonathan D. Greenberg*
                                             Jonathan D. Greenberg
                                             United States Magistrate Judge

Date: July 16, 2018

### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters***, 638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**