# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Damon McCullough,                                          Case No. 3:18CV288

           Plaintiff,

           v.                                                 **ORDER**

Commissioner of Social Security,

           Defendant.

In this Social Security case, plaintiff Damon McCullough challenges the Commissioner's decision denying his applications for period of disability, disability insurance and supplemental security income benefits.

An administrative law judge (ALJ) denied McCullough's claim after concluding that he was not disabled. An Appeals Council denied plaintiff's request to review the ALJ's decision.

The Appeals Council also informed McCullough that if he wished to further pursue his claim for benefits, the Social Security Act afforded him sixty days to file a civil action. *See* 42 U.S.C. § 405(g). Under the relevant regulations, "the date of receipt of notice . . . of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Taken together, this means "a claimant must commence [his] civil action sixty-five days after the date of the Appeals Council's notice." *Spires v. Comm'r of Soc. Sec.*, 2015 WL 7576011, *1 (N.D. Ohio 2015).

McCullough, however, commenced this civil action seventy days after the date of the Appeals Council's notice. Citing the delayed filing, defendant moves to dismiss his complaint. (Doc. 10).

Magistrate Judge Jonathan D. Greenberg has issued a Report and Recommendation (R&R) recommending that I grant the motion.[1] (Doc. 11).

As he explained, "[t]here is no dispute" that plaintiff's complaint is untimely. (Doc. 11, ID 103). "Plaintiff did not seek an extension" of the sixty-five day deadline, he "has not made a 'reasonable showing' he received the Appeals Council notice at a later date than the regulatory presumption," nor has he made any argument in favor of equitable tolling. (*Id.* quoting 20 C.F.R. § 422.210(c)). "In sum, plaintiff failed to timely file the underlying civil action and has provided no basis for an extension of the statutory deadline." (*Id.*).

What is more, McCullough has not submitted any objection to the Magistrate Judge's recommendation. And "[a] party who does not file specific objections to a magistrate judge's report and recommendation" generally "waives his right to appeal." *Kissinger v. Comm'r of Soc. Sec.*, 28 F. App'x 478, 478 (6th Cir. 2002) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

While I am "not require[d] to review an issue *de novo* if no objections are filed," *Thomas v. Arn*, 474 U.S. 140, 154 (1985), I find the R&R well-taken and correct in any event.

Accordingly, it is hereby

ORDERED THAT the Magistrate Judge's Report and Recommendation (Doc. 11) be, and the same hereby is, adopted as the order of the court.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] Because it relied on "matters outside the pleadings, including several exhibits and an affidavit," Magistrate Judge Greenberg construed the Commissioner's motion to dismiss as a motion for summary judgment. (Doc 11, ID 99-100).